IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCY MULFORD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No.: |
| | ) |
| ACADEMY OF DOVER, INC. | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

1. This action arises to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under provisions of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII"). It is also a civil action for violations against the plaintiff for violations of promissory estoppels, breach of good faith and fair dealing, and breach of contract in contravention of the State of Delaware's common law

2. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

## PARTIES

4. Plaintiff, Marcy Mulford, is a female citizen of the United States and currently resides Felton, Delaware.

5. Defendant, Academy of Dover, is incorporated free charter, located at 104 Saulsbury Road, Dover, Delaware 19904. Its registered agent is Academy of Dover, Inc., located

at the same address.

6. At all times relevant hereto, Defendant Academy of Dover, is an employer as defined in § 701(b)(g)(h) of the Civil Rights Act, 42 U.S.C. § 2000(b)(g)(h), in that Defendant's operations effect commerce and Defendant has employed at least fifteen (15) persons.

## FACTS COMMON TO ALL COUNTS

7. Mulford was hired by the Academy of Dover charter school in August 2009 as the third grade teacher and then subsequently taught fourth grade in 2010. She was paid approximately $33,000 per annum on a bi-weekly basis.

8. Mulford was a well-respected teacher who was certified to teach kindergarten through sixth grade and a master degree candidate.

9. During her time of employment, Plaintiff was an excellent employee with impeccable credentials.

10. Academy of Dover promised Mulford both a bonus and a pay increase if the Academy's 3rd grade met the State of Delaware Adequate Yearly Progress for student performance.

11. As a result of the Academy's promise, Mulford revised the school's third-grade curriculum and the Academy's third-grade class (specifically, three classes that Mulford rewrote lesson plans for) met the State's AYP requirements.

12. In reliance on the promise, Mulford passed up a position earning $42,000 with the Milford School District.

13. The Academy never paid Mulford either a bonus or a pay increase.

14. Mulford was terminated by Principal Noel Rodriguez by the Academy of Dover Charter School on September 10, 2010.

15. Throughout her employment, Mulford and other female employees of the

Academy were routinely subjected to hostile work environment based both on gender/sex subjecting Plaintiff to repeated sexual harassment including unwelcome and offensive comments, gestures and physical contact of a sexual nature.

16. The perpetuator of the sexual harassment was her direct supervisor and Principal of the Academy Noel Rodriguez.

17. Rodriguez's harassment included but was not limited to:

a. Commenting on how "nice" and small Mulford's legs were.

b. Commenting on Mulford's body type.

c. Commenting on how Mulford needed more "cushion" to fill out a skirt.

d. Suggesting he take Mulford out to dinner.

e. Rubbing Mulford's back when they were alone together.

f. Hugging Mulford.

g. Commenting on Mulford's pink finger nail polish.

18. In addition, Rodriguez gave preferential treatment to female employees who tolerated and participated in the hostile work environment.

19. Mulford complained about Rodriguez's conduct including but not limited to the sexual harassment.

20. By information and belief, other female employees also complained about the hostile work environment caused by Mr. Rodriguez and faced adverse employment actions.

21. Despite complaining about Rodriguez's behavior, nothing was done about his sexual harassment.

22. As a direct result of her complaints, Mulford was terminated.

23. Mulford was terminated despite her outstanding credentials and designing the third-grade curriculum which raised student test scores so that the Academy would meet the State of Delaware testing criteria.

24. Mulford was terminated based on the pretext that she falsely accused a teacher's assistant of physically attacking her during work hours.

## EEOC PROCEEDINGS

25. On or about November 30, 2011 the EEOC issued a Notice of Right to Sue Letter.

26. Plaintiff received a copy of the Notice of Right to Sue Letter on or around December 2, 2011

27. A true and correct copy of the Notice of Right to Sue Letter is attached to the original Complaint as Exhibit A.

## COUNT I – SEX DISCRIMINATION/SEXUAL HARASSMENT

28. Paragraphs 1 through 30 are hereby re-alleged and incorporated herein by reference as if fully set forth herein.

29. Such acts as described about by Defendant, Academy of Dover, constitute unlawful sex discrimination and sexual harassment against Plaintiff in violation of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII").

30. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of sexual harassment, by and through its agents and employees, Plaintiff, Marcy Mulford, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and

lost wages and lost benefits.

## COUNT II- RETALIATION

31. Paragraphs 1 through 30 are hereby re-alleged and incorporated herein by reference as if fully set forth herein.

32. Such acts as described above by Defendant, Academy of Dover, its agents and employees constitute unlawful retaliation against Plaintiff for having complained of discrimination and sexual harassment.

33. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of sexual harassment, by and through its agents and employees, Plaintiff, Marcy Mulford, has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and lost wages and lost benefits.

## COUNT III-PROMISSORY ESTOPPEL

34. Paragraphs 1 through 33 are hereby re-alleged and incorporated herein by reference as if fully set forth herein.

35. Defendant Academy of Dover promised Mulford both a bonus and a pay increase if the Academy's 3rd grade met the State of Delaware Adequate Yearly Progress for student performance.

36. Plaintiff Mulford revise the schools third-grade curriculum and Academy third-grade classes met the State's AYP requirements.

37. As a result of these promises, Mulford passed up a position earning her $42,000 with the Milford School District.

38. Mulford relied on the promise to her detriment as a result of the Academy of

Dover's failure to fulfill its promise.

**WHEREFORE**, Plaintiff, Marcy Mulford, demands judgment in her favor against Defendant Academy of Dover, Inc. for compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses, costs of this action, attorney's fees, expert fees, pre-judgment interest, post-judgment interest, and any other just and equitable relief as this Court deems proper, including an injunction permanently restraining these violations of Title VII and a directive that Defendant take such affirmative action as are necessary to ensure that the effects of these unlawful employment practices are eliminated.

          **LAW FIRM OF RONALD G. POLIQUIN, P.A.**

          /s/ Ronald G. Poliquin
          Ronald G. Poliquin, Esquire
          375 W. North Street
          Dover, DE 19901
          (800) 811-5182
          Attorney for Plaintiff
          I.D. 4447

Date: January 17, 2012